## O'Reilly *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Pushing car in front of locomotive—Signals— Case for jury.*

1. It is not negligence per se for the employees of a railroad company to push a freight car in front of a locomotive on a track laid along a street in a city.

2. In an action against a railroad company to recover damages for injuries to a horse, sustained in a collision at a grade crossing, the case is for the jury, where the evidence shows that the horse was struck by a freight car which was being pushed in front of a locomotive, that there was but one car being so moved, that its motion was about as fast as a man could walk, that the bell was ringing, and that men were on the front end of the car to give warning.

Argued April 16, 1909. Appeal, No. 83, April T., 1909, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1906, No. 1,141, on verdict for plaintiff in case of William C. O'Reilly v. The Pennsylvania Railroad Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Trespass to recover damages for injuries to a horse. Before FRAZER, P. J.

At the trial it appeared that the action was brought to recover damages for injury to a horse sustained on April 4, 1905, in a collision with a freight car which was being pushed in front of an engine along railroad street in the city of Pittsburg at the crossing of Twenty-fifth street.

The court charged in part as follows:

[As a general rule it is negligence upon the part of a railroad company to push a car in front of an engine, especially upon tracks built upon the streets of a city or a town, or places where there is likely to be persons on the track. It would not be negligence in shifting in the yards of the company; but outside of that, in streets that are used by the public generally, it would be negligence upon the part of the railroad company operating a car in that way.

Now it does not appear whether this was a usual place for shifting cars or not, or whether it was the main tracks of the Allegheny Valley Railroad. If it was a regular place for shifting cars, I leave it to you to say whether it would be negligence under those circumstances to put a car in front of an engine and push it along the street for the purpose of shifting. If it was negligence under the circumstances, then the plaintiff would be entitled to recover here, unless the driver was guilty of contributory negligence, unless he ought not, under the circumstances, to have driven on the track.] [1]

Verdict and judgment for plaintiff for $408.02. Defendant appealed.

*Error assigned* was portion of charge above quoted.

*James R. Miller*, with him *Patterson, Sterrett & Acheson*, for appellant.—In the case at bar the court should have left it to the jury to determine whether under all the circumstances the defendant was guilty of any negligence in the method of operating the car and the engine.

We have been unable to find any case to sustain the portion of the charge assigned for error. Nor did counsel for the plaintiff refer to any at the argument on our motion for a new trial in the court below.

*C. C. Dickey*, of *Shiras & Dickey*, for appellee.—The authorities sustain the proposition that pushing a car in a populous city across a highway, as in this case, without precaution to protect travelers is negligence per se: Eaton v. Ry. Co., 51

N. Y. 544; French v. R. R. Co., 116 Mass. 537; Kentucky Cent. Ry. Co. v. Smith, 93 Ky. 449.

OPINION BY HENDERSON, J., July 14, 1909:

The plaintiff's team came into collision with a car of the defendant on Twenty-fifth street in Pittsburg, where that street crosses Railroad street. The defendant uses three tracks on the latter street on one of which the freight car referred to was pushed by a locomotive, and it was the end of the car furthest from the locomotive which struck the team. The driver of the team testified that he did not hear any bell ringing, nor any warning of the approach of the car. The evidence for the defendant showed that the car was moving at the speed of four or five miles an hour; that a conductor and two other employees of the company were on the top of the freight car at the front end; that the engineer was ringing the bell of the locomotive and that the conductor on the top of the car hallooed to the plaintiff's driver to stop before going onto the track. This being the state of the case the court charged the jury that, "As a general rule it is negligence upon the part of a railroad company to push a car in front of an engine, especially upon the tracks built upon the streets of a city or town, or places where there is likely to be persons on the track. It would not be negligence in shifting in the yards of the company; but outside of that, in streets that are used by the public generally, it would be negligence upon the part of the railroad company operating a car in that way. Now it does not appear whether this was a usual place for shifting cars or not, or whether it was the main tracks of the Allegheny Valley Railroad. If it was a regular place for shifting cars, I leave it to you to say whether it would be negligence under those circumstances to put a car in front of an engine and push it along the street for the purpose of shifting. If it was negligence under the circumstances, then the plaintiff would be entitled to recover here, unless the driver was guilty of contributory negligence, unless he ought not, under the circumstances, to have driven on the track." This was in effect to instruct the jury as a matter of law that it is negligence per se for the employees of a railroad company

to push a freight car in front of a locomotive on a track laid along a street in a city, and to withdraw from the jury the determination of the question whether the defendant was guilty of negligence under the circumstances. It left out of account the evidence that there was but one car in front of the locomotive, that it was moving about as fast as a man would walk, that the bell was ringing and that men were on the front end of the freight car to give warning. The jury might be led to conclude from this instruction that the defendant's negligence was not the absence of proper signals, but the placing of the locomotive at the wrong end of the car. No case has been cited which makes it the absolute duty of a railroad company to attach a locomotive at the front of a car or number of cars under such circumstances. The ringing of a bell or the sounding of a whistle might not be a sufficient warning of an intended backward movement of a long train standing near a street crossing in a city, as was held in Eaton v. Erie Ry. Co., 51 N. Y. 544, and the throwing of a disconnected car across such a highway in making a running switch would be evidence of negligence, but the question of negligence is one of fact under the circumstances to be passed upon by a jury. A greater degree of care is due from a railroad company moving its cars along a public street in a city than is demanded in the open country. Whether due care was observed is a question of fact. Many cars are moved in some of the cities of the country by electricity or by power generated within the car, and it is within the range of probability that such methods of propulsion may be very generally introduced, thereby dispensing with locomotives. In the movement of such cars it would be necessary to adopt reasonable safeguards against accidents by collision, but a rule requiring that the propelling apparatus be placed in front of the car or train would work great inconvenience and might be impracticable.

We think the evidence does not admit of the inference that the car was being shifted in the yards of the company. The location is referred to as a street, and it is charged in the declaration that Railroad street is a public highway of the city. The evidence as we regard it raised an issue of fact which should

have been submitted to the jury, which issue was this: was the defendant guilty of negligence in moving the car as it was moved under the circumstances?

The judgment is reversed and a venire facias de novo awarded.